MEMORANDUM AND ORDER **
Rick Young (“Young”) challenges the district court’s dismissal of his putative class complaint alleging that Hilton Worldwide, Inc. and Hilton Reservations Worldwide, Inc. (collectively “Hilton”) violated California Penal Code § 632.7 by recording calls to a customer service telephone line without consent. Reviewing the district court’s dismissal de novo, Sylvia Landfield Trust v. City of Los Angeles, 729 F.3d 1189, 1191 (9th Cir.2013), and its denial of leave to amend for abuse of discretion, id. at 1196, we reverse and remand.
Young’s complaint asserts two claims for relief under Penal Code § 632 and § 632.7, respectively, but he appeals only dismissal of the latter. The former provision generally prohibits eavesdropping and recordation on telephone land lines, whereas the latter generally proscribes eavesdropping and recordation on cellular and cordless telephone lines. In dismissing Young’s complaint, the district court simply signed defendants’ proposed order, which failed to distinguish between the two provisions, and in fact, did not even make any reference to § 632.7. At the hearing, the parties did not offer oral arguments, and the district court merely entered the order into the record.
Because the case was then terminated the district court apparently understood the order as dismissing both claims. By its own terms, however, the order purported to do so on grounds that are applicable to § 632 only — namely, because the complaint failed to allege that the recorded communications were confidential and subject to a reasonable expectation of privacy. The California Supreme Court has unequivocally held that no such requirement applies to § 632.7. Flanagan v. Flanagan, 27 Cal.4th 766, 776, 117 Cal.Rptr.2d 574, 41 P.3d 575 (2002) (explaining that § 632.7’s “prohibition applies to all communications, not just confidential communications”). The district court’s failure to so recognize was reversible error. Flanagan also forecloses Hilton’s argument that § 632.7 should be interpreted as including a confidentiality requirement because different standards for § 632 and § 632.7 would lead to absurd results. Id.
On appeal, Hilton for the first time urges several statutory construction arguments in an attempt to defend the defective order that its own counsel drafted. These arguments are plainly waived because they were not raised below.[1] Hooper v. Lockheed Martin Corp., 688 F.3d 1037, 1046 n. 4 (9th Cir.2012). Contrary to the dissent’s suggestion, in light of the California Supreme Court’s decision in Flanagan, it is not necessary to remand or to certify any issues to the state Supreme Court. Hilton brought the motion in question and had every opportunity to litigate whatever issues it so desired. Whether by design or oversight, it waived the right to assert these issues on appeal by omitting them entirely from the motion to dismiss and the proposed order the court signed. We therefore decline to address them.
REVERSED and REMANDED.

 The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

. We deny Hilton's motion for judicial notice because reliance on the submitted materials is not necessary to dispose of this appeal.